**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Lidia Taranov, by and through
Tatiana Taranov and Leonid Taranov,
Next Friends

        v.                            Case No. 21-cv-995-PB

Area Agency of Greater Nashua, a/k/a
Region VI Area Agency d/b/a
Gateways Community Services, Inc.;
Sandra Pelletier; and Mindy Huckins


**REPORT AND RECOMMENDATION**

    Before the court is the complaint (Doc. No. 1) filed pro se
on behalf of Lidia Taranov ("plaintiff"), by Leonid Taranov and
plaintiff's adult daughter Tatiana Taranov, as next friends.
The complaint is before the court for preliminary review,
pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915(e).


**Preliminary Review Standard**

    This court subjects complaints filed in forma pauperis to
preliminary review under LR 4.3(d)(2) and may dismiss complaints
that are frivolous or malicious, fail to state a claim upon
which relief can be granted, or seek damages from defendants who
are immune from such relief.  See id.; see also 28 U.S.C.
§ 1915(e)(2).  The court construes pro se complaints liberally
in conducting that preliminary review.  See Erickson v. Pardus,
551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the

court considers whether the factual content in the complaint, and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## **Background**

Plaintiff is blind and cognitively disabled.  New Hampshire's Medicaid Waiver for home and community-based services for individuals with acquired brain disorders ("ABD Waiver") has covered the cost of nursing and personal care services she receives in her home.  Defendant Gateway Community Services ("Gateway") is the private non-profit area agency that contracts with the State of New Hampshire to provide such services for eligible individuals, such as plaintiff, within Gateway's geographic service area, in accordance with the terms of each enrolled recipient's Individual Service Agreement.

For fifteen years prior to July 14, 2021, plaintiff's Individual Service Agreement allowed her to receive "adult foster care services" in her home.  Beginning on July 14, 2021, however, Gateway terminated plaintiff's access to Medicaid ABD Waiver reimbursement for such services, maintaining that the services were not covered.  Since that date, plaintiff has paid

privately for such services, but, she alleges, her resources are exhausted.

Plaintiff filed this action in November 2021 against defendants Gateway, Sandra Pelletier (Gateway's President and CEO), and Gateway's Senior Director of Family and Participant-Directed Services, Mindy Huckins.  Plaintiff claims that the defendants terminated her access to Medicaid ABD Waiver benefits, in violation of 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA").  In a separate Order issued this date, the court has directed defendants to file an answer or other response to the complaint.

In the Order issued along with this Report and Recommendation, the Court has denied plaintiff's request for a temporary restraining order and has otherwise taken the motion for a preliminary injunction (Doc. No. 5) under advisement. Also in that Order, the plaintiff has been directed to file a notice of appearance of counsel to represent her in this action.

## Discussion

Liberally construed, the complaint asserts an ADA Title II claim, as well as claims arising under 42 U.S.C. § 1983.  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services,

programs, or activities of a public entity[.]" 42 U.S.C.
§ 12132.  "Public entities may not engage in discrimination or
deny services either directly or indirectly through agreements
with licensees.  See 28 C.F.R. § 35.130(a), (b)(1).  However,
private entities' own programs and actions are not covered by
Title II." Woods v. Tompkins Cty., 804 F. App'x 94, 96 (2d Cir.
2020).

     None of the defendants named in the complaint is a public
entity.  See Woods v. Tompkins Cty., No. 516CV00007LEKTWD, 2016
U.S. Dist. LEXIS 3121, at *6, 2016 WL 11477517, at *3 (N.D.N.Y.
Jan. 7, 2016) (private entity that contracted with County to
provide personal care aides to eligible individuals was not
liable for alleged violations of Title II, as contractual
relationship with County did not convert a private entity into a
public entity (citing Green v. New York, 465 F.3d 65, 79 (2d
Cir. 2006) (private hospital performing services pursuant to
contract with municipality was not instrumentality of government
or public entity under ADA))), R&R adopted, 2016 U.S. Dist.
LEXIS 25158, 2016 WL 796092 (N.D.N.Y. Feb. 29, 2016); see also
Edison v. Douberly, 604 F.3d 1307, 1310 (11th Cir. 2010)
("private corporation is not a public entity merely because it
contracts with a public entity to provide some service").
Accordingly, and without expressing an opinion as to the
viability of any other claim asserted in the Complaint (Doc. No.

1), the undersigned magistrate judge recommends that the district judge dismiss the ADA Title II claims asserted in the complaint.

This Court has sua sponte extended the typical fourteen-day deadline for objecting to this Report and Recommendation, cf. Fed. R. Civ. P. 72(b)(2), to accommodate the Order that directs plaintiff to obtain counsel by January 28, 2022, so that counsel may respond to the Report and Recommendation on the date he or she appears on plaintiff's behalf.

## Conclusion

For the foregoing reasons, the district judge should dismiss plaintiff's ADA Title II claims.  Any objections to this Report and Recommendation must be filed by January 28, 2022. That objection period may be further extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Andrea K. Johnstone
United States Magistrate Judge

December 1, 2021

cc:  Lidia Taranov, by and through
     Leonid Taranov, pro se
     Tatiana Taranov, pro se