UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Lidia Taranov, by and through
Tatiana Taranov and Leonid
Taranov, Next Friends.

v.

Case No. 21-cv-995-PB
Opinion No. 2022 DNH 104

Area Agency of Greater Nashua,
a/k/a Region VI Area Agency
d/b/a Gateways Community
Services, Inc., et al.

ORDER

Plaintiff filed a motion for a temporary restraining order or a preliminary injunction on or about November 22, 2021, seeking restoration of the "adult foster care services" that she had previously received under New Hampshire's Medicaid Waiver program for individuals with acquired brain disorders. See Doc. No. 5. On December 1, 2021, the court denied her request for temporary relief and took under advisement her request for preliminary relief. See Doc. No. 8. On January 11, 2021, plaintiff filed an amended motion for preliminary injunction. See Doc. No. 17.

A plaintiff must show that she lacks an adequate remedy at law to be entitled to preliminary injunctive relief. Together Emps. v. Mass Gen. Brigham, Inc., 19 F.4th 1, 7 (1st Cir. 2021). Here, the record reveals that the

plaintiff could have obtained the interim relief she seeks from this court by taking an appeal from the decision of the Gateway defendants to discontinue the benefits she had previously received. See N.H. Code Admin. R. He-M 522.18(g)(1) (providing that "[c]urrent recipients, services, and payments shall be continued as a consequence of an appeal for a hearing until a decision has been made" on the appeal). Because plaintiff failed to take advantage of this regulation, which would have restored her prior benefits on an interim basis while her appeal was pending, she is barred from seeking preliminary relief in this court. See, e.g., A.M.C. v. Smith, No. 3:20-CV-00240, 2022 WL 3210809, at *18 (M.D. Tenn. Aug. 9, 2022) (denying motion for preliminary injunction that sought reinstatement of Medicaid benefits because terminated recipients who opted to pursue administrative appeals would receive continuation of benefits pending the outcome of those appeals and thus loss of benefits did not count as irreparable harm); Mitchell ex rel. Mitchell v. Cmty. Mental Health of Cent. Mich., 243 F. Supp. 3d 822, 843 (E.D. Mich. 2017) (denying for lack of irreparable harm motion for preliminary injunction seeking restoration of Medicaid waiver services where some plaintiffs had "chosen to bypass the state's administrative appeal process" that enabled other plaintiffs to have their benefits restored).

To the extent that plaintiff claims that she needs a preliminary injunction now because defendants will not allow her to take a late appeal,

2

she may file a new motion for preliminary injunction asserting that she currently lacks an adequate remedy at law even though she may have had one in the past.

Plaintiff's requests for a preliminary injunction (Doc. Nos. 5 and 17) are denied without prejudice.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

August 30, 2022

cc:   Counsel of Record