# United States Court of Appeals
## For the First Circuit

No. 23-1934

LIDIA TARANOV, through next friend, Tatiana Taranov and next friend Leonid Taranov,

Plaintiff - Appellant,

v.

AREA AGENCY OF GREATER NASHUA, a/k/a Region VI Area Agency, d/b/a Gateways Community Services, Inc.; SANDRA PELLETIER, Gateways President & CEO; MINDY HUCKINS, Gateways Senior Director of Family & Participant Directed Services; LORI WEAVER, Commissioner of NH Department of Health and Human Services, in her official capacity; SANDY HUNT, Bureau Chief of NH Department of Health and Human Services, Bureau of Developmental Services, in her official capacity,

Defendants - Appellees.

Before

Barron, Chief Judge,
Rikelman, and Aframe, Circuit Judges.

**JUDGMENT**

Entered: August 11, 2025

Appellant Lidia Taranov appeals from a judgment entered in the District Court for the District of New Hampshire. In her appeal, Lidia Taranov is proceeding through her guardian ad litem, Tatiana Taranov. Tatiana Taranov is counsel for herself in her capacity as guardian ad litem.

We have dismissed by a separate judgment the earlier interlocutory Appeal No. 22-1744 brought from the same proceeding. We nonetheless have read and considered all filings and tendered documents and pleadings in Appeal No. 22-1744 to the extent they weigh on the issues raised in this appeal and have considered all relevant rulings by the district court.

In this appeal, we granted the appellant leave to file an overlong brief. We have carefully reviewed the points raised in the opening brief. We have not considered arguments raised or developed for the first time only in the reply brief. See United States v. Mojica-Ramos, 103 F.4th 844, 849 n.3 (1st Cir. 2024) (noting principle that arguments raised for the first time in a reply brief generally are waived).

On the merits, on review of the arguments in the appellant's opening brief, we can discern no compelling, developed challenge to the district court's rulings or reasoning.

As to most of the district court's key legal conclusions, we can identify no developed, on-point challenge addressed to and responsive to the district court's specific reasoning. As to these challenges, the appellant has waived any claim for lack of development. See Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 932 F.3d 1, 12 (1st Cir. 2019) ("Ultimately, not having done the legwork we require to develop this position, [the appellant] has waived those challenges."); Cioffi v. Gilbert Enters., 769 F.3d 90, 93-94 (1st Cir. 2014) ("When a party fails to develop even a ghost of an argument as to why a particular order is erroneous, any potential challenge to that order is ordinarily deemed waived.").

As for those scant few challenges raised, developed, and responsive to the district court's reasoning, we can discern no compelling argument for error. To take just one example, the appellant challenges the district court's analysis of the breach of contract claim against certain appellees, but relies on a case that was reversed. See Westside Mothers v. Haveman, 133 F. Supp. 2d 549, 557 (E.D. Mich. 2001), rev'd, 289 F.3d 852 (6th Cir. 2002). In any event, no argument in the opening brief undermines the district court's careful and thorough reasoning for the dismissal of the claims, or casts doubt on its other rulings denying amendment, preliminary injunctive relief, and reconsideration.

The judgment of the district court is **AFFIRMED**. See Local Rule 27.0(c).

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Tatiana Taranov
Paul Bennett Kleinman
Sabin R. Maxwell
Anthony J. Galdieri
Nathan W. Kenison-Marvin